IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LACEY C. STANDRIDGE                                                                    PLAINTIFF

vs.                                          Civil No. 2:12-cv-02236

CAROLYN W. COLVIN                                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lacy C. Standridge ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability applications on December 17, 2009.  (Tr. 10, 154-160).  Plaintiff alleges being disabled due to a blood disorder, thrombotic thrombocytopenic purpura, and hemolytic-uremic syndrome ("TTP/HUS").  (Tr. 196).  Plaintiff alleges an onset date of September 15, 2009.  (Tr. 10, 154, 158).  These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

reconsideration. (Tr. 65-68). Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 85-99).

This hearing was held on July 23, 2010 in Fort Smith, Arkansas. (Tr. 38-64). Plaintiff was present at this hearing and was represented by David Harp. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Dale Thomas testified at this hearing. *Id.* During this administrative hearing, Plaintiff testified she was twenty-three (23) years old. (Tr. 42). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). Plaintiff also testified she had graduated from high school. *Id.*

On July 15, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2013. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 15, 2009, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: TTP/HUS, renal insufficiency, hypertension, multi-nodular thyroid, and bipolar II disorder. (Tr. 12, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

After careful consideration of the entire record, the undersigned finds that the

> claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she is further limited to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and use of little judgment, and the supervision required is simple, direct, and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ determined Plaintiff's PRW included work as a general office clerk (semiskilled, light) and as a waitress (semiskilled, light). *Id.* The VE testified at the administrative hearing regarding her PRW. (Tr. 19, 54-56). Based upon this testimony, the ALJ determined Plaintiff would be unable to perform any of her PRW because this work would require interpersonal contact that would be "more than incidental." (Tr. 19, Finding 6).

The ALJ then considered whether Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 20, Finding 10). The VE responded to post-hearing interrogatories regarding this issue.[2] (Tr. 20). Based upon those interrogatories, the VE stated that a hypothetical individual with Plaintiff's limitations would be able to perform the requirements of representative occupations such as production worker with one example being a patcher with 15,500 such jobs in the national economy and 500 such jobs in the regional economy. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, and Plaintiff had not been under a disability as defined in the Act from September 15, 2009 through the date of his decision or through July 15, 2011. (Tr. 21, Finding 11).

---

[2] The ALJ also held a separate hearing on April 5, 2011 to give Plaintiff's attorney the opportunity to question the VE regarding his responses to these post-hearing interrogatories. (Tr. 26-37).

Thereafter, on July 27, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 6). The Appeals Council denied this request for review on August 31, 2012. (Tr. 1-4). On October 10, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 17, 2012. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 13, 16. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raises the following four arguments for reversal: (A) the ALJ did not fully and fairly develop the record; (B) the ALJ conducted an improper credibility evaluation; (C) the ALJ improperly assessed her RFC; and (D) the ALJ erred with his Step Five determination. ECF No. 13 at 1-16. In response, Defendant argues the ALJ fully and fairly developed the record

in this case, the ALJ performed a proper credibility analysis, the ALJ correctly assessed Plaintiff's RFC, and the ALJ fully supported his decision at Step Five of the Analysis. ECF No. 16. The Court will address each of the arguments Plaintiff has raised.

### A. Development of the Record

Plaintiff claims the ALJ did not "fully and fairly develop the facts in the record" in her case. ECF No. 13 at 9-10. Specifically, Plaintiff claims her impairment of TTP/HUS "is simply too specific and specialized for the ALJ to rely on his own layman's assumptions or even on the knowledge of the state agency medical consultants." *Id.* Plaintiff claims the ALJ should have further developed the record in this case to completely assess her limitations due to this impairment. *Id.* In response, Defendant argues the ALJ fully developed and fully considered the medical evidence included in the record. ECF No. 16 at 5-6. Defendant also argues Plaintiff has provided no basis for her argument that the record was not fully developed or for her claim that the medical experts the ALJ relied upon were not sufficient. *Id.*

Upon review of Plaintiff's claim, the Court finds no basis for reversal on this issue. Plaintiff is correct that the ALJ has the duty "to develop the record fairly and fully." *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). That duty is not without limitation. The ALJ must only have a "sufficient basis" for his or her decision. *See Naber v. Shalala,* 22 F.3d 186, 189 (8th Cir. 1994). In the present action, there are approximately four hundred pages of medical records. (Tr. 293-675). Plaintiff herself stated in briefing that there was a "plethora of medical records." ECF No. 13 at 10. Thus, there appears to be a "sufficient basis" for the ALJ's decision. Further, Plaintiff has not demonstrated that any further development of the record would have been beneficial to the ALJ or resulted in a different outcome. Accordingly, no remand is required. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand" for

further record development).

> B.     **Credibility Determination**

Plaintiff claims the ALJ erred in assessing the credibility of her subjective complaints. ECF No. 13 at 10-11. Plaintiff does not state in her briefing which part of the credibility determination was improper. *Id.* Accordingly, the Court will generally review that determination. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

[the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski*. (Tr. 14-17). In his opinion, the ALJ provided several valid reasons for discounting Plaintiff's subjective complaints. *Id*. Specifically, the ALJ noted Plaintiff was able to perform a number of daily activities, including "care for her young son, take care of her personal needs . . . fix simple meals, do the laundry, drive, shop, and handle her finances." (Tr. 15). The ALJ also noted Plaintiff did not consistently follow the recommended course of medical treatment and did not seek, for example, an MRI scan to assess her headaches even though it was recommended that she undergo such a scan. (Tr. 16). Further, due to TTP/HUS, her doctor recommended that apheresis treatment be reinstituted, but Plaintiff declined to do so. *Id.* Considering these findings, the Court finds no basis for reversing the ALJ's evaluation of Plaintiff's subjective complaints. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

**C.    RFC Determination**

Plaintiff argues the ALJ did not fully consider her limitations when he evaluated her RFC.

ECF No. 13 at 11-14.  In making this claim, Plaintiff first argues the ALJ improperly evaluated the findings of her consultative examiner, Dr. Patricia J. Walz, Ph.D.  (Tr. 440-449), and the ALJ did not properly account for the limitations Dr. Walz found she had as a result of her mental impairments.  ECF No. 13 at 11-13.

For example, Plaintiff claims the ALJ did not consider the fact Dr. Walz indicated she "would have problems with attendance, punctuality, and schedules." *Id.*  Plaintiff does not provide in her briefing where this limitation can be found in Dr. Walz's report.  *Id.*  Upon review, it appears Plaintiff is referring to the fact Dr. Walz found she has a "moderate" limitation in "[t]he ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances."  (Tr. 447).  The term "moderate," however, is a defined term and provides that the limitation "[a]ffects *but does not preclude* ability to perform basic work functions."  (Tr. 446) (emphasis added).  Accordingly, the Court finds the ALJ did not err by not including this limitation in his RFC determination.

Plaintiff also argues the ALJ did not properly consider the limitations caused by her physical impairments, including her need to take frequent bathroom breaks.  ECF No. 13 at 13-14.  In assessing Plaintiff's RFC, the ALJ did not account for this limitation because he found such a need to take frequent bathroom breaks was not supported by the medical record.  (Tr. 18).  He stated, "there is no medical evidence to support the claimant's allegation of urination 10 to 15 times daily in any of her records." *Id.*  In this case, apart from her bare claim, Plaintiff has not demonstrated she is required to take these frequent bathroom breaks.  ECF No. 13.  Plaintiff has the burden of demonstrating her RFC and her limitations.  *See Perks v. Astrue,* 687 F.3d 1086, 1092 (8th Cir. 2012) (citation omitted).  Because she has not met this burden by providing credible evidence

demonstrating this limitation, the Court finds the ALJ did not err in assessing her physical limitations.

### D.     Step Five Evaluation

Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record because his hypothetical to the vocational expert was deficient. ECF No. 13 at 14-15. Specifically, Plaintiff claims the ALJ did not include in his hypothetical the limitation that she would have to take frequent bathroom breaks. *Id.* Despite this claim, as noted above, the ALJ properly concluded Plaintiff did not have this limitation. Accordingly, because the ALJ presented to the vocational expert the limitations he found to be credible based upon his assessment of Plaintiff's RFC, his Step Five determination is supported by substantial evidence in the record. *See Gragg v. Astrue,* 615 F.3d 932, 940 (8th Cir. 2010) (holding "[t]he hypothetical question need only include those impairments and limitations found credible by the ALJ"). Thus, the Court finds no basis for reversal on this issue.

### 4.     Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of October 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE